SPECTOR, Judge.
Petitioner seeks review of an order denying his motion to vacate his conviction and sentence predicated upon his plea of guilty to charges of second degree murder. Petitioner was originally charged with first degree murder, which crime occurred during the commission of a robbery, and was found guilty of first degree murder by a jury which withheld its recommendation of mercy, in consequence whereof the death penalty was imposed. On direct appeal, the Florida Supreme Court reversed on the ground of improper comments by the prosecutor during the course of his argument to the jury. Grant v. State, 194 So.2d 612 (Fla.1967).
When the case went back for retrial after the reversal, petitioner being then and there represented by counsel elected to enter a plea of guilty to the lesser charge of second degree murder. After ascertaining the vol-untariness of said guilty plea and determining that it was knowingly made, the trial judge accepted the same and in due course imposed a life sentence upon petitioner. The plea and sentence thereon were entered in 1967.
Soon thereafter petitioner filed a motion to vacate the said judgment and sentence which was denied. Petitioner’s appeal from said order of denial was quashed by this, court on March 7, 1968, on grounds that the said appeal was frivolous. Shortly thereafter, petitioner again filed his second motion to vacate the judgment and sentence. It too was denied and said denial was affirmed by this court in February of 1969.
Now petitioner has filed an original petition for writ of habeas corpus in this court alleging the illegality of his detention by virtue of the allegedly erroneous denials of his prior efforts to set aside his conviction and sentence as related above.
We have reviewed all of petitioner’s contentions and find them to be without merit. On the contrary, the record in this cause and the records on appeal in petitioner’s prior appearances before this court, Cases Nos. J-306 and K-303, make it amply clear that petitioner’s guilty plea was knowingly and voluntarily made and therefore cannot now be attacked. See Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763; and Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 1474, 25 L.Ed. 2d 785.
The petition for writ of habeas corpus is denied.
WIGGINTON, Acting C. J., and CARROLL, DONALD K., concur.